UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JOHN HENRY, ) | C/A No.  4:13-cv-1868-MGL-TER |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| WARDEN, PERRY ) | |
| CORRECTIONAL INSTITUTION, ) | |
| ) | |
| Respondent. ) | |

Petitioner, John Henry (Petitioner/Henry), is currently incarcerated at Perry Correctional Institution (PCI). Petitioner appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on July 10, 2013. Respondent filed a motion for summary judgment on September 30, 2013, along with a return, supporting memorandum, and exhibits. (Doc. #23 and #24). The undersigned issued an order filed October 1, 2013, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #26). Petitioner filed a response on October 22, 2013. (Doc. #30).

It is recommended that this action be dismissed as barred by the statute of limitations. However, the procedural history is set forth for reference purposes.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC.  Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## PROCEDURAL HISTORY

The procedural history as set forth by the Respondent in his memorandum has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history as set forth by the Respondent, in part.

Petitioner is currently confined at the PCI in the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Lexington County. Petitioner was indicted by the Lexington County Grand Jury during the May 2003 Term of the Lexington County Court of General Sessions for one count of Criminal Conspiracy (2003-GS-32-1942), one count of Attempted Armed Robbery with a Deadly Weapon (2003-GS-32-1943), one count of Burglary First Degree (2003-GS-32-1944), and one count of Kidnapping (2003-GS-32-1946); and during the August 2003 Term of the Lexington County Court of General Sessions for one count of Murder (2003-GS-32-3348). (App. 723-26; Attachment No. 2). Petitioner was represented by Robert T. Williams, Sr., Esquire. (App. 1-664). The State was represented by Assistant Solicitors A.G. Swarat and Robert Madson, both of the Eleventh Judicial Circuit. Id. On January 12-16, 2004, Petitioner was tried by a jury before the Honorable Marc H. Westbrook, Circuit Court Judge. Id. On January 16, 2004, Petitioner was found guilty of all five charges. (App. 652-53). Judge Westbrook sentenced Petitioner to twenty years confinement for the Attempted Armed Robbery conviction, life confinement for the Murder conviction, thirty years confinement for the Kidnapping conviction, life confinement for the First Degree Burglary conviction, and five years confinement for the Conspiracy conviction, all to be served concurrently. (App. 662-63Attachment No. 3).

**Direct Appeal**

Petitioner timely filed and served a notice of appeal on January 23, 2004. (Attachment No. 4). On appeal, Petitioner was represented by Joseph L. Savitz, III, Acting Chief Attorney with the South Carolina Office of Appellate Defense. (See Attachment No. 5). The direct appeal was perfected with the filing of a Final Brief of Appellant. (Attachment No. 5). In the Final Brief, Petitioner argued the judge erred by sentencing him for kidnapping under S.C. Code Section 16-3-910 since he was also being sentenced for murder as provided by Section 16-3-20. The State filed its Final Brief of Respondent on August 8, 2005. (Attachment No. 6). In an unpublished opinion filed January 26, 2006, the South Carolina Court of Appeals vacated Petitioner's sentence for kidnapping. (Attachment No. 7). In the opinion, the Court of Appeals noted Petitioner was convicted of murder, kidnapping, first-degree burglary, attempted armed robbery, and criminal conspiracy. The Court of Appeals vacated Petitioner's sentence for kidnapping pursuant to the following authorities: S.C. Code Ann. § 16-3-910 (2003) (stating the sentence for kidnapping); Owens v. State, 331 S.C. 582, 585, 503 S.E.2d 462, 464 (1998) (vacating a kidnapping sentence under section 16-3-910 as subsumed by a murder conviction and sentence).

**First PCR Action**

On January 29, 2007, Petitioner filed an Application for Post-Conviction Relief (PCR) asserting claims of violation of the Sixth Amendment, violation of the Fifth Amendment, and violation of the Fourteenth Amendment. (App. 665-68, Attachment No. 8). Specifically, Petitioner asserted that there was ineffective assistance of counsel, lack of subject matter jurisdiction, and denial of due process. (Attachment No. 8). The State served its Return on June 4, 2007. (App. 669-73, Attachment No. 9).

On or around January 29, 2009, Petitioner served a Motion to Amend the Original PCR Application pursuant to SCRCP Rule 15(a). (Attachment No. 10). In the Motion, Petitioner raised 3 issues. First, he contended counsel was ineffective for failing to object to the "highly prejudicial, opinion testimony" from a State's witness, who had not been qualified as an expert by the trial court. Second, he argued counsel was ineffective for failing to object to the prosecution "soliciting highly prejudicial opinion testimony" from a State's witness who had "not" been qualified as an expert by the trial court. Third, he asserted counsel was ineffective for failing to object to the trial court erroneous instructions on malice that shifted the burden.

An evidentiary hearing in this PCR action was held before the Honorable Michael G. Nettles, Circuit Court Judge, on December 1, 2009. (App. 674-712). Petitioner was present and was represented by Charles Brooks, Esquire. Id. The State was represented by Assistant Attorney General A. West Lee. Id. The PCR Court filed its Order of Dismissal on April 21, 2010. (App. 713-22, Attachment No. 11).

**PCR Appeal**

Petitioner timely served and filed a notice of appeal on April 28, 2010. (Attachment No. 12). On appeal, Petitioner was represented by Robert M. Pachak, Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense. (See Attachment No. 13). Petitioner's appeal to the PCR Court's Order was perfected with the filing of a Johnson Petition for Writ of Certiorari. (Attachment No. 13). In the Johnson Petition, counsel contended defense counsel was ineffective in failing to object to the jury instruction on malice. Petitioner filed a *pro se* Johnson Petition. (Attachment No. 16). In his *pro se* Petition, Petitioner raised two issues. First, he contended appointed appellate counsel was ineffective for presenting the court with an

inadequately drafted petition that denies Petitioner full and proper consideration by the Court. Second, he argued the PCR Court erred in not finding counsel ineffective for failing to object to the highly prejudicial opinion testimony of two (2) state witnesses who had not been qualified as an expert by the trial court.

By Order filed January 13, 2012, the South Carolina Supreme Court transferred the case to the South Carolina Court of Appeals. (Attachment No. 17). By Order filed May 8, 2013, the South Carolina Court of Appeals denied the Johnson Petition for Writ of Certiorari. (Attachment No. 18). The Remittitur was issued on May 30, 2013. (Attachment No. 19).

**Second PCR Action**

On April 25, 2011, Petitioner filed a second Application for PCR alleging ineffective assistance of appellant[sic] counsel and insufficiency of indictment. (Attachment No. 20). A Conditional Order of Dismissal was filed on March 13, 2012. (Attachment No. 23). On July 3, 2012, the PCR Court filed its Final Order of Dismissal. (Attachment No. 24). In the Final Order, the PCR Court noted the matter came before it by way of an application for PCR filed April 25, 2011. The Respondent made its Return and Motion to Dismiss on or about February 1, 2012, requesting that the Application be summarily dismissed. Pursuant to this request, and after reviewing the record, the PCR Court issued a Conditional Order of Dismissal dated February 2, 2012, provisionally denying and dismissing the action, while giving Petitioner twenty (20) days from the date of service of said Order in which to show why the dismissal should not become final because it was successive and time barred. Attached to this Final Order and incorporated herein by reference was the acknowledgment of receipt form dated March 13, 2012, of the above-mentioned Conditional Order of Dismissal from Petitioner.

Petitioner failed to respond to the Conditional Order of Dismissal. The PCR Court found that a sufficient reason had not been shown why the Conditional Order of Dismissal should not become final. The court ordered that for the reasons set forth in the PCR Court's Conditional Order of Dismissal, the Application for PCR was denied and dismissed with prejudice.

**Third PCR Action**

On May 29, 2012, Petitioner filed a third Application for PCR alleging claims of insufficiency of the indictment, ineffective assistance of appellant[sic] counsel, and perjury and prosecutorial misconduct. (Attachment No. 25). As of the date of Respondent's brief, no action had been taken by the State on this Application.

**PETITIONER'S GROUNDS FOR RELIEF**

In his *pro se* Petition for Writ of Habeas Corpus, Petitioner raises the following grounds:

| | |
|---|---|
| Ground One: | Counsel ineffective for failing to object to the jury instructions on malice that shifted the burden of proof |
| Supporting facts: | Counsel was ineffective for failing to object to the jury instructions on malice that shifted the burden of proof. |
| Ground Two: | Counsel ineffective for failing to object to highly prejudicial opinion testimony of (2) state witnesses without expert qualifications by trail[sic] court |
| Supporting facts: | Counsel was ineffective for failing to object to highly prejudicial opinion testimony of (2) two state witnesses who had not been qualified as an expert by the trial court |

(Petition).

**SUMMARY JUDGMENT**

The federal court is charged with liberally construing the complaints filed by pro se litigants,

to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir.

1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## DISCUSSION AS TO STATUTE OF LIMITATIONS

The Respondent argues that the Petitioner's claims must be dismissed as untimely. Specifically, Respondent asserts that the Petitioner's federal habeas petition should be dismissed because it was not timely filed within the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[2] Subsection (d) of the statute

---

[3] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. Duarte v. Hershberger, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As stated under the procedural history, Petitioner was found guilty on all four charges on January 16, 2004. Petitioner filed a direct appeal which was denied by the South Carolina Court of Appeals on January 26, 2006. The Remittitur was issued on February 13, 2006.[3] (Doc. #28).The

---

[3] The Petitioner is not entitled to toll the ninety (90) days to seek certiorari review from the United States Supreme Court since he did not seek review from the South Carolina Supreme Court. See Pfeil v. Everett, 9 Fed.Appx. 973, 977(10th Cir.2001); Reddock v. Ozmit, No. 09–204, 2010 WL 568870 at ——3–5 (D.S.C. Feb.11, 2010); Anderson v. Warden of Evans Correctional Institution, No. 10–987, 2010 WL 5691646 (D.S.C. Sept.7, 2010); Martino v.

statute of limitations began to run on February 14, 2006, the day after Petitioner could no longer seek direct review of his conviction.[4] Petitioner had one year from this date to file his federal habeas corpus action unless the period was at any time tolled. *See, e.g.,* Brown v. Angelone, 150 F.3d 370 (4th Cir. 1998). Petitioner filed his first PCR application on January 26, 2007. Three hundred and forty-seven (347) days elapsed in that period. The PCR appeal was dismissed on May 8, 2013, and the Remittitur for the PCR Appeal was issued on May 30, 2013. The statute of limitations began to run again on May 31, 2013, the day after the Remittitur was issued leaving Petitioner eighteen (18) days to file his federal habeas corpus petition. Therefore, Petitioner had until June 17, 2013. The statute continued to run until Petitioner filed this federal habeas petition. Petitioner did not file his federal habeas petition until July 10, 2013, with a Houston v. Lack, *supra*, delivery date of July 1,

---

Cartledge, No. 09–527, 2010 WL 569093 (D.S.C. Jan 4, 2010); Hammond v. Hagan, No. 07–1081, 2008 WL 2922860 (D.S.C. July 24, 2008).

[4] The Respondent argues that the convictions became final on February 10, 2006, when the Petitioner failed to file a timely petition for rehearing (doc. 20 at 20). The Respondent notes that as a matter of state appellate court procedure, the failure to file a petition for rehearing precluded the Petitioner from seeking relief in the state supreme court. See Rule 221(a), SCACR and Rule 242(c), SCACR ("petition for rehearing must be ruled upon before petition for writ of certiorari can be considered"). Id. Respondent argues Petitioner was required to file a petition for rehearing with the state court of appeals within fifteen days of the opinion. Thus, the Respondent argues that the convictions became final when the Petitioner failed to comply with this requirement citing Gonzalez v. Thaler, 565 U.S. ——, —— , 132 S.Ct. 641, 653–54, 181 L.Ed.2d 619 (2012) (State court judgment became final, thereby commencing one-year limitations period under AEDPA for filing of federal habeas petition by state prisoner, who had pursued a direct appeal of his murder conviction in state's intermediate appellate court but had not pursued discretionary review in state's highest court after intermediate appellate court had affirmed his conviction, when the time for seeking discretionary review in state's highest court expired). Because resolution of this issue is not material to the outcome of this case, the later date will be used in this discussion.

2013. However, even using the date of July 1, 2013, the instant petition is time-barred and should be dismissed as Petitioner exceeded the statute of limitations.

In the case of <u>Harris v. Hutchinson</u>, 209 F.3d 325 (4th Cir. 2000), the Fourth Circuit aggregated time periods to conclude that a federal habeas petition was time barred under 28 U.S.C. § 2244(d). In <u>Harris</u>, the Fourth Circuit stated:

> Thus, for Harris, the one-year limitation period imposed by §2244(d) commenced on April 24, 1996. Ten-and-one-half months later, on March 12, 1997, Harris filed his petition for state post-conviction review, which suspended the running of the one-year limitation period. This petition remained "pending" in state courts until January 7, 1998, when the Maryland Court of Appeals denied Harris' application for leave to appeal the denial of his petition. At this point, the clock began running again on the one-year limitation period, expiring one-and-one-half months later, in February 1998. Harris did not file his federal habeas petition until July 22, 1998, six months after his one-year period had expired. Therefore, the petition was time-barred under 28 U.S.C. § 2244(d).

<u>Harris</u>, 209 F.3d at 327.

Petitioner argues that he is entitled to equitable tolling based on the fact that he did not receive his financial certificate from the PCI until after June 27, 2013. Petitioner states he requested the financial certificate to submit with his application to proceed in district court without prepaying fees or costs. Petitioner submitted his affidavit asserting that he submitted a request for a financial certificate on June 4, 2013, but did not receive the financial certificate until June 28, 2013. Petitioner submitted a statement from the Postal Director at PCI, N.C. Merchant, who avers that the forms were received in the PCI mailroom on June 5, 2013, logged in, and sent out in the Inter Office mailbag to SCDC headquarters. Mr. Merchant asserts that the completed forms were not returned within the usual ten day time frame. Thus, Petitioner completed new financial certificates which were faxed to the Financial Accounting Branch on June 25, 2013. The completed forms, along with

the missing original forms, were returned and received in the mailroom on June 27, 2013, and on July 3, 2013. Therefore, Petitioner argues that it was through no fault of his own that the petition for writ of habeas corpus was not submitted to the PCI mailroom until July 1, 2013.

The United States Supreme Court has held that the federal one year statute of limitations can be subject to equitable tolling in appropriate cases. Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 2552–2554, 2560–2562 (2010); see also Rouse v. Lee, 314 F.3d 698, 704 (4th Cir.2003) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (0 Cir.2000)). Circumstances will rarely warrant equitable tolling, however, and a Petitioner carries the burden of showing that he is entitled to equitable tolling. Harris, 209 F.3d at 330; see also Marengo v. Conway, 342 F.Supp.2d 222, 230 (S.D.N.Y.2004); Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.2002). Further, equitable tolling applies only in the rare and exceptional circumstance, and is limited to "extraordinary circumstances" preventing a prisoner from filing a timely petition. Warren v. Garvin, 219 F.3d 111, 113 (2d Cir.2000); Marengo, 342 F.Supp.2d at 230. "[T]he party seeking equitable tolling must [also] have acted with reasonable diligence throughout the period he seeks to toll." Marengo, 342 F.Supp.2d at 230 (quoting Warren, 219 F.3d at 113); see also Holland, 130 S.Ct. at 2562 [" 'Petitioner is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing."] (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Petitioner asserts the application of equitable tolling is appropriate because he did not receive his financial statements from the prison until June 28, 2013. However, Petitioner has not demonstrated that some extraordinary circumstances prevented him from timely filing his federal habeas petition. There is no evidence that anything prevented Petitioner from filing his petition for

federal habeas corpus while waiting to receive the financial certificate to submit with his application to proceed without prepayment of fees in district court. Prison conditions, such as lockdowns or misplacement of legal papers, are not normally grounds for equitable tolling. See Edens v. Eagleton, 2014 WL 692872 (D.S.C. Feb. 21, 2014) quoting Burns v. Beck, 349 F.Supp.2d 971, 974 (M.D.N.C.2004) (citing Harris, 209 F.3d at 330–32). Principles of equitable tolling do not extend to garden variety claims of excusable neglect. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.' " Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir.2001) (quoting Harris, 209 F.3d at 330).[5] Additionally, the petition would be "filed" by the clerk of court even if it was not accompanied by all or part of the motion for leave to file *in forma pauperis*. See Rule 3(b), Rules Governing Section 2254 Cases in the United States District Court; Advisory Committee Notes to Rule 3 ( Clerk required to file petition even though it lacked the requisite filing fee or an *in forma pauperis* form).

Based on the above reasons, Petitioner fails to demonstrate a basis for equitable tolling. Therefore, it is recommended that the petition be dismissed as barred by the statute of limitations, and Respondent's motion for summary judgment be granted.

---

[5] See also Jones v. South Carolina, C/A No. 4:05–2424–CMC–TER, 2006 WL 1876543, at *3 (D.S.C. June 30, 2006) ("Other courts addressing equitable tolling have found that 'extraordinary circumstances' are not having an inadequate law library, attorney error, claims of actual innocence, reliance on other inmates' advice, ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness.").

## CONCLUSION

As set out above, the Petitioner's federal habeas corpus petition should be dismissed as it is barred by the statute of limitations. It is, therefore,

RECOMMENDED that Respondent's motion for summary judgment (document #23) be GRANTED in its ENTIRETY, and the petition be dismissed without an evidentiary hearing.

It is further RECOMMENDED that any outstanding motions be deemed MOOT.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

March 18, 2014
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**