IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| John Henry, | ) | Civil Action No. 4:13-1868-MGL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden, Perry Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner John Henry, ("Petitioner"), an inmate in the custody of the South Carolina Department of Corrections, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers for review of post-trial petitions for relief and a Report and Recommendation. ("Report").

On March 18, 2014, the Magistrate Judge issued a Report recommending that the Court grant Respondent's Motion for Summary Judgment, (ECF No. 23), and that Petitioner's Petition be dismissed as time-barred. (ECF No. 33). After seeking and obtaining a filing extension, Petitioner filed an Objection to the Report on April 11, 2014, (ECF No. 41), which he supplemented by an Affidavit, (ECF No. 46), on April 21, 2014.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28

U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the Report and the Petitioner's Objection. In his Objection, Petitioner reiterates arguments advanced in his earlier briefing, maintaining that his situation satisfies the two-prong standard governing "equitable tolling" of the one year statute of limitations in § 2254 actions. (ECF No. 41). Petitioner acknowledges that equitable tolling is a remedy reserved for truly rare circumstances, but maintains that the lateness of his filing should be excused, given the delay that Petitioner encountered in obtaining financial certifications from the prison's financial accounting office, which were necessary for him to establish *in forma pauperis* status. Id.

However, after careful review of the Report and the Objection thereto, the Court concurs with the reasoning of the Magistrate Judge and therefore adopts the Report and incorporates it herein by reference. (ECF No. 33). A petitioner is entitled to equitable tolling only upon a showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Court agrees with the Magistrate Judge's determination that the delay that Petitioner encountered in obtaining financial certifications from the prison's accounting office does not rise to the level of an "extraordinary circumstance" capable of supporting an application of the equitable tolling doctrine. (ECF. No. 33 at pp. 11-13). In addition, the Court finds that Petitioner has failed to show that he exercised the required "due diligence" to

support an application of the equitable tolling doctrine. As the Report sets out, Petitioner allowed over 11 months, or approximately 347 days of his 365 day filing window, to elapse before even filing his First PCR Application. *See Tsolainos v. Cain*, 540 Fed.Appx. 394, 399-400 (5th Circuit 2013) (unpublished) (considering 9 ½ month wait between formal conclusion of direct appeal and Petitioner's retention of post-conviction counsel as relevant to lack of due diligence determination).

For the foregoing reasons, the Court concludes that Petitioner has failed to adequately establish either prong of the two part standard governing application of the equitable tolling doctrine. Respondent's Motion for Summary Judgment is therefore **GRANTED**, (ECF No. 23), and Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED**. All other pending motions, including Petitioner's Motion for Evidentiary Hearing, (ECF No. 15), are terminated as **MOOT**.

### Certificate of Appealability

The governing law provides that:

> © (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> © (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253© . A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED.**

**IT IS SO ORDERED.**

                                              s/Mary G. Lewis  
                                              United States District Judge

June 17, 2014  
Spartanburg, South Carolina